Filed 1/14/21  P. v. Leon CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304478 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA085870) |
| v. | |
| ROBERT LEON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Charles S. Lee, Idan Ivri, and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant and appellant Robert Leon appeals from the trial court's denial of his Senate Bill No. 1437 (Senate Bill 1437) and Penal Code section 1170.95[1] petition for resentencing. We affirm.

# II. PROCEDURAL BACKGROUND

A jury convicted defendant of attempted willful, deliberate, premeditated murder. (§§ 664/187, subd. (a).) The jury found true the allegation that the offense was committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). The trial court sentenced defendant to life in prison with parole eligibility after 15 years. (*People v. Sotelo et al.* (Jan. 24, 2011, B219799) [nonpub. opn.].)

On October 11, 2019, defendant filed a petition for resentencing pursuant to Senate Bill 1437 and section 1170.95. Under penalty of perjury, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder due to the January 1, 2019, changes to sections 188 and 189.

Defendant further declared that he was convicted of first degree felony murder and could no longer be convicted of that

---

[1]     All further statutory references are to the Penal Code.

offense due to the January 1, 2019, changes to section 189 because he was not the actual killer; he did not, with the intent to kill, aid and abet in the murder; he was not a major participant in the felony or act with reckless indifference to human life in the course of the felony; and the murder victim was not a peace officer performing his duties or defendant was not reasonably aware the victim was a peace officer performing his duties. Defendant requested the trial court appoint counsel to represent him.

On December 11, 2019, the Los Angeles County District Attorney filed an opposition to defendant's petition, arguing that defendant was ineligible for relief because Senate Bill 1437 does not apply to the offense of attempted murder. The same day, without defendant's presence, and apparently without appointing counsel for defendant, the trial court summarily denied defendant's petition, ruling that his attempted murder conviction did not qualify for consideration under section 1170.95.

### III.   DISCUSSION

A.   *Senate Bill 1437 and Section 1170.95*

"Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability [or the natural and probable consequences doctrine] could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a]

complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 . . . , review granted Mar. 18, 2020, [S260493 (*Verdugo*)].) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. (*Verdugo,* [*supra,* 44 Cal.App.5th] at p. 330.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Verdugo,* [*supra,* 44 Cal.App.5th] at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted [Mar. 18, 2020, S260598 (*Lewis*)].)" (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted (July 22, 2020, S262835), fn. omitted.)

B.      *Equal Protection*

As noted above, the trial court denied defendant's petition because he was convicted of attempted murder and not murder and thus was ineligible for section 1170.95 resentencing. Defendant contends the court's failure to construe section

4

1170.95 as applying to the offense of attempted murder violated his right to equal protection under the federal and California constitutions. He further contends that the failure to so construe section 1170.95 leads to an absurd result.

Our colleagues in Divisions Three and Seven have considered and rejected defendant's contention that construing section 1170.95 to exclude attempted murder violates equal protection principles. (*People v. Munoz* (2019) 39 Cal.App.5th 738, 760–768, review granted Nov. 26, 2019, S258234 (*Munoz*); *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1107–1112, review granted Nov. 13, 2019, S258175 (*Lopez*).) They held that persons convicted of attempted murder under the natural and probable consequences doctrine are not similarly situated to persons convicted of murder, and the Legislature had a rational basis for limiting Senate Bill 1437 to persons convicted of murder. (*Munoz, supra*, 39 Cal.App.5th at pp. 760–768; *Lopez, supra*, 38 Cal.App.5th at pp. 1107–1112.) We agree.

*Munoz, supra*, 39 Cal.App.5th at pages 756–760 also considered and rejected the argument that giving effect to Senate Bill 1437's literal language would lead to the absurd result of persons convicted of the lesser offense of attempted murder serving longer sentences than those convicted of murder. We agree with the court's analysis.

C.    *Appointment of Counsel*

Defendant contends the trial court erred in denying his petition without appointing counsel to represent him because his petition alleged a prima facie case. Because section 1170.95 does not apply to defendants convicted of attempted murder (*Munoz,*

*supra*, 39 Cal.App.5th at p. 754; *Lopez, supra*, 38 Cal.App.5th at pp. 1104–1105), defendant's contention that he was entitled to the appointment of counsel under section 1170.95 is without merit. (*Lewis, supra*, 43 Cal.App.5th at p. 1140 ["the trial court's duty to appoint counsel [under section 1170.95] does not arise unless and until the court makes the threshold determination that petitioner 'falls within the provisions' of the statute"].)

## IV.   DISPOSTION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.